[Dkt. No. 26]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| NORMARILY CRUZ, on behalf of herself and all others similarly situated, | |
| Plaintiffs, | Civil No. 15-0753 (RMB/AMD) |
| v. | **OPINION** |
| FINANCIAL RECOVERIES, and JOHN DOES 1-25, | |
| Defendants. | |

**BUMB,** United States District Judge:

This matter comes before the Court upon the filing of a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) by Defendant Financial Recoveries ("Defendant").  Defendant seeks the dismissal of the Amended Complaint's two claims, [Dkt. No. 10], both of which allege a violation of the Fair Debt Collection Practices Act ("FDCPA") by Defendant in its efforts to collect a debt.  Having reviewed the parties' briefing and for the reasons set forth below, Defendant's motion is GRANTED.

I.    <u>BACKGROUND</u>

Plaintiff Normarily Cruz (the "Plaintiff") seeks to represent herself and all those similarly situated.  (Am. Compl.

at ¶ 11.)  The case centers on a debt collection letter sent by
Defendant in August 2014 to Plaintiff Normarily Cruz (the
"Plaintiff"). [Dkt. No. 10 (the "Amended Complaint") at ¶ 24.]
Plaintiff allegedly incurred an obligation to University
Hospital, (Am. Compl. ¶ 14), and the challenged letter reads, in
pertinent part:

> University Hospital has listed your past due account
> with this office for collection.  To avoid further
> contact from this office regarding your past due
> account, return the top portion of this notice with your
> payment in full.  Payments should be made payable to
> University Hospital and sent to the following address.

**University Hospital**
**P.O. Box 3009**
**Newark, NJ 07103-0009**

> If you wish to pay by credit card, complete and return
> the appropriate information on the reverse side of this
> letter.  For prompt account resolution, credit and debit
> card payments can be made by accessing our automated
> interactive telephone system at **1-800-220-0260.**  For
> your convenience, this system is available 24 hours a
> day, seven days a week.

> If you have insurance that may pay all or a portion of
> this debt, that information can be submitted by calling
> **1-800-220-0260** or by completing the information on the
> reverse side of this letter and returning the entire
> letter to this office at Financial Recoveries, PO Box
> 1388, Mt. Laurel, NJ 08054.

**IMPORTANT CONSUMER NOTICE**

**Unless, within 30 days after receipt of this notice, you**
**dispute the validity of the debt or any portion thereof,**
**we will assume the debt to be valid.  If, within 30 days**
**after your receipt of this notice, you notify us in**
**writing that the debt or any portion thereof is disputed,**
**we will obtain a verification of the debt, or if the**
**debt is founded upon a judgment, a copy of any such**

2

**judgment, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within 30 days after the receipt of this notice we will provide you with the name and address of the original creditor.**

**This Company is a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.**

(Am. Compl. Ex. A.)

## II.  LEGAL STANDARD

The standard for review of a plaintiff's complaint under Rule 12(c) is identical to that under Federal Rule of Civil Procedure 12(b)(6).  See Fed. R. Civ. P. 12(h)(2); see also Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).  "Dismissal of a complaint pursuant to Rule 12(b)(6) is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Hackensack Riverkeeper, Inc. v. Del. Ostego Corp., 450 F.Supp.2d 467, 484 (D.N.J. 2006) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  The allegations contained in the complaint will be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  Plaintiff will also be "given the benefit of every favorable inference that can be drawn from those allegations."  Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  However, the plaintiff must make factual allegations and cannot rely on "conclusory recitations of law."

<u>Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.</u>, 836 F.2d 173, 179 (3d Cir. 1988).

## III. <u>ANALYSIS</u>

Plaintiff's Amended Complaint asserts two causes of action, both for alleged violations of the FDCPA.  First, Plaintiff alleges that Defendant violated Section 1692g because its debt collection letter contradicts or overshadows the Section 1692g notice requirements.  (Pl.'s Br. at 5.)  Second, Plaintiff alleges that the letter violated Section 1692e because it is "false, deceptive and misleading."  (Pl.'s Br. at 7.)  The Court finds that judgment on the pleadings in favor of Defendant is appropriate for each of these claims.

### A. <u>Section 1692g</u>

Pursuant to Section 1692g, a notice of debt must contain specific information.  Specifically, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing[:]

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

4

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

15 U.S.C.A. § 1692g(a).  Thereafter, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  Id. at § 1692(b).  Whether a communication overshadows or contradicts the Section 1692g notice is evaluated from the perspective of the "least sophisticated debtor."  Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000).  Further, "[w]hether language in a collection letter violates the FDCPA is a question of law." Szczurek v. Professional Mgmt. Inc., 627 Fed. Appx. 57, 60 (3d Cir. 2015) (quoting Wilson v. Quadramed Corp., 225 F.3d 350, 353 n.2 (3d Cir. 2000).

    The least sophisticated debtor standard is designed to protect the "gullible as well as the shrewd."  Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. 2006).  Accordingly, "[t]he least sophisticated debtor standard requires more than

'simply examining whether particular language would deceive or mislead a reasonable debtor' because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." Brown v. Card Service Center, 464 F.3d 450, 454 (3d Cir. 2006). Nevertheless, while the standard protects naïve consumers, "it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Id. "Even the least sophisticated debtor is bound to read collection notices in their entirety." Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 299 (3d Cir. 2008).

The Court is not convinced by Plaintiff's argument that Defendant's letter's language would confuse the least sophisticated debtor as to their rights. Plaintiff points to the letter's statement that: "If you have insurance that may pay all or a portion of this debt, that information can be submitted by calling **1-800-220-0260** or by completing the information on the reverse side of this letter and returning the entire letter to this office at Financial Recoveries, PO Box 1388, Mt. Laurel, NJ 08054." (Compl. Ex. A.) Plaintiff contends that this language suggests to a debtor that if they seek to dispute the debt because insurance will pay for the debt, she can do so by

6

making a phone call to the included number.  This, if true, would be inconsistent with the Third Circuit's requirement that debts be disputed in writing.  Caprio v. Healthcare Revenue Recovery Grp., 709 F.3d 142, 146 (3d Cir. 2013).

In this context, courts have upheld requests for information, even if that information is somewhat related to the notion of disputing a debt, as not inconsistent with Section 1692g's requirements.  For instance, in Panto v. Professional Bureau of Collections, 2011 WL 843899 (D.N.J. 2011), the challenged letter contained the language, "If you are represented by an attorney in regards to this debt, print his or her name, address and phone number on the stub of this letter and return it to our office."  Id. at *2.  The court in that case refused to accept the plaintiff's argument that, "the disputed language could lead the least sophisticated consumer to believe that sending the attorney's contact information to Defendant was all that was required to make a valid dispute of the alleged debt."  Id.  Instead, "the disputed language merely requests that the Plaintiff alert the [defendant] to the fact that he is represented by an attorney."  Id. at *5.[1]  Here, the

---

[1] The Court also finds that Smith v. Paramount Recovery, 2008 WL 4951227, at *2 (D.N.J. 2008) is distinguishable.  In that case, the court held that a letter which directed all insurance related questions to the insurers was capable of more than one interpretation because the language in that case suggested a debtor could dispute a debt by contacting the insurance company.

Court also agrees that the provision of insurer information, much like attorney information, does not overshadow the dispute language contained in the letter.

It should additionally be noted that, although the Third Circuit did not explicitly analyze the exact language now contested, the court in Szczurek was confronted with a near-identical debt collection letter.[2]  627 Fed. Appx. 57, 59.  That court took no issue, nor made any mention, of the now-contested language.  Id.  While not dispositive, because the issue was not before the court in that case, it is at least telling.  In addition, the District Court in the case did explicitly note Plaintiff's cited language, and did so, again, without any

_____

Id. at *2.  As an initial matter, this ruling would seem to be at odds with Watson v. Certified Credit & Collection Bureau, 2009 WL 3069397 (D.N.J. 2009) (holding that language instructing plaintiff to contact insurance company if the plaintiffs felt debt was assessed in error was not improper.)  Regardless, the disputed language in this case is even more benign than Smith's, as it merely requests the identifying information for the potential insurer of Plaintiff if she believes the insurer is obligated to pay the debt.  This cannot be said to overshadow or contradict the bold-faced instructions here regarding the dispute of debts.

[2] The pertinent portion of the letter in that case read: "If this debt is for medical services and you have insurance that may pay all or a portion of this debt, that information can be submitted by calling **800[-]220-0260** or by completing the information on the reverse side of this letter and returning the entire letter to this office."  627 F. App'x at 59.

apparent pause.  Szczurek v. Professional Mgmt., Inc., 59 F. Supp. 3d 721, 728 (E.D. Pa. Nov. 17, 2014).[3]

Finally, Plaintiff's reliance on Caprio is misplaced.  In that case, the Third Circuit found a violation of the FDCPA for language which stated: "If we can answer any questions, or if you feel you do not owe this amount, **please call** us toll free at **800-984-9115** or write us at the above address."  Caprio, 709 F.3d at 150.  This language, as the Third Circuit indicated, could reasonably have been read to mean that "Caprio could dispute the debt by making a telephone call."  Id. at 152. Indeed, to this Court's eye, it clearly suggested another means of disputing the debt.  Here, however, the language Defendant's letter uses makes no reference to disputing the debt, only the provision of insurance information related to the debt.  The Court finds this to be a meaningful distinction, given the cases which have held that the collection of information in a communication with a debtor, even if arguably or tangentially related to disputing the debt, does not violate the FDCPA.

---

[3] Indeed, like this Court, the District Court in Szczurek did not conflate the act of providing insurance information with the formal disputing of a debt.  59 F. Supp. 3d at 728 ("The least sophisticated debtor, reading the notice in its entirety, would see that he had multiple options.  He could, if he had medical insurance that would pay the outstanding debt, call a telephone number or complete the form on the reverse side of the letter and mail the letter back to the defendant.  He could, within thirty days, notify the defendant in writing that he disputed the debt.").

Defendant's letter ultimately does not overshadow or
contradict, even when viewed from the perspective of the least
sophisticated debtor.  The challenged provision, requesting
insurance information if Plaintiff believed the insurer would
cover the debt, does nothing to impact the bold-faced language
outlining the debt dispute process.  Accordingly, Plaintiff has
not stated a claim that the letter Defendant sent to Plaintiff
violates Section 1692g.

   B. **Section 1692e**

Because Plaintiff cannot prevail on her claim under Section
1692g, Plaintiff likewise cannot proceed under Section
1692e(10).  15 U.S.C. § 1692e(10) prohibits "[t]he use of any
false representation or deceptive means to collect or attempt to
collect any debt or to obtain information concerning a
consumer."  Id.  Plaintiff alleges this violation based upon the
same language as her Section 1692e(10) claim.  However, when
language is upheld pursuant to Section 1692g, that analysis is
usually dispositive for Section 1692e.  See, e.g., Hernandez v.
Mercantile Adjustment Bureau, LLC, 2013 WL 6178594, at *3
(D.N.J. Nov. 22, 2013) ("When a § 1692e(10) claim is premised on
the same language or theories as a § 1692g(a)(4) claim, the
analysis of the § 1692g(a)(4) claim should be dispositive);
Ardino v. Lyons, Doughty & Veldhuis, 2011 WL 6257170, at *11
(D.N.J. Dec. 14, 2011) (dismissing Section 1692e claim which

10

relied on the same grounds as faulty Section 1692g claim).  As such, because Plaintiff has not argued any additional grounds for a violation of Section 1692e(10) claim, the Court also finds that Plaintiff has failed to state a claim under that section.

IV.  **CONCLUSION**

As set forth above, Plaintiff's allegations do not set forth claims for violations of the FDCPA.  As such, Defendant's motion for judgment on the pleadings is **GRANTED**. [Dkt. No. 26.]


DATED: June 28, 2016


s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE